UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-95-H

BRYAN DALTON  PLAINTIFF

V.

JOHN E. POTTER,
Postmaster General  DEFENDANT

**MEMORANDUM OPINION**

Defendant, the Post Master General of the United States Postal Service (the "Postal Service"), has moved for summary judgment on Plaintiff's claims for race discrimination and disability discrimination. Plaintiff appears to have conceded his age and racial discrimination claims. Therefore, the Court will consider only the remaining claims for disability discrimination under the Rehabilitation Act of 1973[1] and for retaliation under Title VII of the Civil Rights Act of 1964. Ultimately, these claims fail because Plaintiff has not produced evidence showing that he is disabled under the definition contained in the Rehabilitation Act of 1973 or the Americans with Disabilities Act (collectively, the "Act").

I.

Plaintiff has been an employee of the United States Postal Service for 12 years as a mail processing clerk. More recently, he has worked occasionally as a temporary supervisor known

---

[1] For our purposes, the Rehabilitation Act is construed similarly to the Americans with Disabilities Act ("ADA"). *See McPherson v. Michigan High School Athletic Assoc.*, 119 F.3d 453, 459-60 (6th Cir. 1997).

as 204B.

Plaintiff suffers from a rather severe military service connected left ankle injury, which he now describes as lesion and degenerative joint disease. The injury is considered a service-connected disability for purposes of his military record and benefits. Plaintiff has already had two surgeries in connection with the injury and his physicians have recommended a third.

Taking Plaintiff's evidence as true, it says that his injury causes him to walk with a limp and to have difficulty walking generally. He can walk only about three to four hundred yards before needing to stop and he cannot play sports. He takes prescription and inflammatory and pain medications. Due to his ankle injury, Plaintiff has been approved for Family and Medical Leave and in recent years he has taken many unscheduled absences which have all been coded as FMLA protected.[2] Despite these absences, Plaintiff has been able to get around the plant and work on the mail sorting machine on all other occasions.

Apparently in 2003, Plaintiff began serving on occasion as a 204B supervisor. As an acting supervisor, Plaintiff is required to fill in for absent supervisors and, therefore, must be available for work when called. On several occasions, Plaintiff was unable to work when scheduled as an acting supervisor. Specifically on July 4, 2003, Plaintiff called in sick because he was having difficulties with his FMLA approved disability. Subsequently, management informed Plaintiff that he would no longer be allowed to work as an acting supervisor. He would still be allowed to work in his bid job as a mail processor. In May, 2004, Plaintiff requested a light duty assignment due to his disability. Management refused the light duty request. Plaintiff filed EEO complaints after each of these incidents. Each complaint was denied.

---

[2] Plaintiff makes no claim under the FMLA.

II.

To make our prima facie case of employment discrimination under the Act, Plaintiff must show (1) that he is an individual with a disability; (2) that he is otherwise qualified to perform the job's requirement with or without reasonable accommodations; and (3) he was discriminated against solely because of his disability. *Monette v. Electronic Data Systems Corp.*, 90 F.3d 1173, 1178 (6th Cir. 1996). To be "disabled" as the term is defined in the Act, an individual must (1) have a physical or mental impairment which substantially eliminates him or her at least one major life activity; (2) have a record of such an impairment; or (3) be regarded as having such an impairment. See 29 U.S.C. § 705 (20)B; 42 U.S.C. § 12102(2). The courts have defined "major life activities" as including caring for oneself, perform manual tasks, walking, seeing, hearing, speaking, breathing, learning and working. *See Black v. Roadway Express, Inc.*, 297 F.3d 445, 449 (6th Cir. 2002). Plaintiff claims to be "disabled" under the Act because he is unable to walk or work.

Before considering these specific claims, the Court must decide the general question whether Plaintiff's service-related disability applies to the Act context. That is simply not the case. True, Plaintiff has been approved for periodic absences covered by the FMLA and has received a service-related disability designation. However, neither of these circumstances are directly relevant to the determination of whether he is affected by a disability as defined by the Rehabilitation Act. *See Partlow v. Runyon*, 826 F.Supp. 40 (D.N.H. 1993) (finding that many disabled veterans are not disabled under the ADA definition).

For Plaintiff to show that he is disabled from working for purposes of the Act, he must have evidence that he is unable to work in a broad class of jobs. *Sutton v. United Air Lines, Inc.*,

3

527 U.S. 471, 491. Plaintiff has not even attempted to show that this is true. Moreover, the evidence suggests that he has been capable of holding his existing job for twelve years. His physical abilities and work restrictions suggest that he can retain any employment that does not require extensive lifting, walking or use of leg strength. Thus, a broad class of employment remains available to him. Consequently, Plaintiff cannot show that he is disabled from working as defined under the Act.

Plaintiff also suggests that he is substantially limited in his ability to walk. The record shows that Plaintiff has difficulty walking more than 300 or 400 yards at a time without stopping. He cannot engage in recreational activities. He tires easily and takes drugs for pain and swelling of his ankle. None of this evidence, however, meets the Supreme Court standard which requires substantial limitation of the ability to walk. Numerous courts have considered how much limitation on one's ability to walk or stand is sufficient to constitute a disability under the Act. The Sixth Circuit has held that moderate pain and some diminishment of an individual's ability to walk do not constitute a disability. *Bryson v. Regis Corp.*, 498 F.3d 561 (6th Cir. 2007); *also see Kelly v. Drexel University*, 94 F.3d 102, 106-107 (3d Cir. 1996); *Penny v. United Parcel Service*, 128 F.3d 408, 415 (6th Cir. 1997). Similarly, the Fifth Circuit has found that a noticeable limp is not enough to establish a disability for purposes of the Rehabilitation Act. *Talk v. Delta Airlines, Inc.*, 165 F.3d 1021, 1025 (5th Cir. 1999). These cases and other unreported ones, suggest that even the most favorable construction of Plaintiff's evidence falls short.

Recently, the Eighth Circuit affirmed a summary judgment on facts very similar to ours. *Wood v. Crown Redi-Mix, Inc.*, 339 F.3d 682 (8th Cir. 2003). In that case, as here, the plaintiff

4

could walk only about one-quarter mile before he must stop and rest. Moreover, his toes were numb and his left leg sometimes collapses. The Circuit categorized plaintiff's walking limitations as moderate, not substantial for ADA purposes. *Id.* at 685. The Eighth Circuit said that difficulty walking long distances or climbing stairs are not those which "suffice to constitute a disability under the ADA." This is a view consistent with the Sixth Circuit. *Id.* Based upon its reading of all the cases, this Court agrees with the Eighth Circuit's analysis. That view and the evidence here determines our case. Plaintiff's walking limitations set forth in the record do not constitute a disability under the Act.

Plaintiff also claims that Defendant discriminated against him on the basis of his disability by denying his request for a light duty assignment. However, in order to succeed in such a claim, Plaintiff must also show that he has a disability as defined under the Act. But because he cannot do this, Plaintiff cannot demand that accommodation based on his disability. Indeed, it appears that the light duty assignments were a contractual matter existing between the Postal Service and its union employees and were decided on that basis.

### III.

Because Plaintiff offers no direct evidence of retaliation, he must show a prima facie case to go forward on such a claim. A prima facie case requires that Plaintiff (1) demonstrate that he has engaged in a protected activity; (2) the employer was aware of the protected activity; (3) that he suffered an adverse employment action; and (4) there is a causal connection between the first and third elements. Plaintiff claims that after he filed an EEO complaint, his manager refused to allow light duty work and removed him from future 204B duty.

Plaintiff has filed two EEO complaints. The first, filed on August 8, 2003, concerned the

5

denial of Plaintiff's 204B work in July 2003.  The Postal Service reviewed this claim and denied it on June 16, 2004.  The EEOC denied the appeal on November 23, 2004. Consequently, this protected activity could serve as a basis for a retaliation claim concerning the denial of light duty work in May, 2004.  Plaintiff did not file his second EEO complaint until July 12, 2004.  Plaintiff had not pursued a protected activity by May 2003.  Consequently, the only alleged adverse action at issue in the retaliation claim is the May, 2004, denial of light duty work.

      The Court will assume that those who denied his light duty request were aware of his then unresolved EEO filing from ten months earlier.  However, the denial of light duty work neither suggests discriminatory intention nor meets the requirements of a prima facie case.  Plaintiff requested light duty for only one week.  The request was denied and he returned to regular duty.  Plaintiff has not suggested that the rationale for the denial was a mere pretext.  Moreover, the Sixth Circuit requires than an "adverse employment action" be a "materially adverse" change in the terms and conditions of employment.  *Kocsis v. Multi-Care Management, Inc.*, 97 F.3d 876, 885 (6th Cir. 1996).   Here, the denial of light duty work did not cause a loss of employment, benefits, pay, prestige or any other substantial benefit.  It caused no job detriment, loss of seniority or significant altering these types of conditions which could amount an adverse action opportunity.  The Court is compelled to conclude that the denial of temporary light duty work is not significant enough to constitute an adverse employment as defined in the Act.  *See Equal Employment Opportunity Comm. v. Sundance Rehabilitation Corp.*, 466 F.3d 490, 501-02 (6th Cir. 2006); *Smith v. City of Salem*, 378 F.3d 566, 575 (6th Cir. 2004).

      Another factor is worth a mention.  The lapse of time between the EEO complaint and the alleged adverse action can show causation.  Here, however, the time lapse is merely a neutral

factor. Usually a short lapse of time is necessary to show a causal relationship between an alleged act of retaliation and the original protected activity. In our case, Plaintiff's EEO filing occurred about ten months prior to the retaliation he now claims. The Sixth Circuit has held that even gaps of several months may be insufficient to satisfy the causal connection requirement of a retaliation claim, absent any other evidence. *See Nguyen v. City of Cleveland*, 229 F.3d 559, 566 (6th Cir. 2000) and *Hafford v. Seider*, 183 F.3d 506, 515 (6th Cir. 1999). Though the complaint was unresolved for some time, it had no outward manifestations after the original filing. In any event, the absence of an adverse employment action decides the matter.

      The Court will enter an order consistent with this Memorandum Opinion.

cc:     Counsel of Record